**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD BRUCE PETUSH,

   Petitioner,         Civil No. 2:05-74918
                  HONORABLE PAUL D. BORMAN
v.                    UNITED STATES DISTRICT JUDGE

PAUL RENICO,

   Respondent.
_____/

**OPINION AND ORDER: (1) GRANTING PETITIONER'S MOTIONS TO AMEND; (2) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

  Richard Bruce Petush, ("Petitioner"), presently confined at the Boyer Road Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for second-degree criminal sexual conduct, M.C.L.A. § 750.520c; and being a third felony habitual offender, M.C.L.A. § 769.11. Also before the Court are Petitioner's two Motions to Amend his Reply Brief. (Dkt. Nos. 23 & 24). For the reasons stated below, the Court shall grant Petitioner's Motions to Amend but DISMISS WITH PREJUDICE Petitioner's application for a writ of habeas corpus**.**

**I. BACKGROUND**

  Petitioner was convicted of the above offenses following a jury trial in the Lenawee County Circuit Court. Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus.[1] The Court will therefore accept the factual allegations contained within the habeas petition

---

  [1] *See* Memorandum in Support of Petition for Writ of Habeas Corpus, pp. 3-7. (Dkt. No. 1).

1

insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because the facts of this case have been detailed by Petitioner in his habeas application, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See e.g. Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner was a friend of the family of the ten-year-old victim in this case. The victim testified that Petitioner rubbed his penis against the victim's leg while they were both sleeping in Petitioner's bed. The defense argued that the victim slept restlessly, wet Petitioner's bed on that particular night, and that any touching, if it occurred, was inadvertent and the result of a dog jumping onto the bed.

Petitioner was convicted after a one day trial and sentenced to fifteen to thirty years in prison. Petitioner's conviction and sentence were affirmed on appeal. *People v. Petush,* No. 235561 (Mich. Ct. App. Oct. 8, 2002); *lv. den.* 468 Mich. 877 (2003). Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Petush,* No. 01-9142-FH (Lenawee County Circuit Court, May 22, 2003). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Petush,* No. 249376 (Mich. Ct. App. Dec. 2, 2003); *reconsideration den.,* No. 249376 (Mich. Ct. App. Jan. 6, 2004); *lv. den.* 471 Mich. 894 (2004). Petitioner then filed a second motion for relief from judgment, which was also denied. *People v. Petush,* No. 01-9142-FH (Lenawee County Circuit Court, Nov.18, 2004). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Petush*, No. 259316 (Mich. Ct. App. Dec. 10, 2004); *reconsideration den.,* No. 259316 (Mich. Ct. App. Jan. 14, 2005); *lv. den.* 474 Mich. 931 (2005). Further facts will be discussed when addressing Petitioner's claims. Petitioner now seeks the issuance of a writ of habeas

corpus on the following grounds:

> I. Petitioner's conviction must be reversed where his attorney rendered constitutionally ineffective assistance of counsel and there is a reasonable probability that the outcome would have been different.
>
> II. Petitioner's trial should be reversed where sufficient proof is not met by the prosecutor and is denied as evidence to convince a trier of fact beyond a reasonable doubt of every element of the offense.
>
> III. The Petitioner's Sixth and Fourteenth Amendment rights of the U.S. Constitution to a fair and impartial trial were violated where the Judge's questioning of the complaining witness was leading, indiscriminate, prejudicial, partial; violating his right to presumption of innocence, and where the judge pierced the veil of judicial impartiality by overstepping his bounds while invading the prosecutors role.
>
> IV. The Petitioner's due process rights under the Fourteenth Amendment and the Sixth Amendment right to a jury trial were violated when the sentencing judge exceeded the sentencing guidelines with facts not presented to the jury and proved beyond a reasonable doubt.

## II.     STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. ANALYSIS

#### A. Motions to amend Petitioner's reply brief.

Before addressing Petitioner's claims, the Court notes that Petitioner has filed two motions to amend his reply brief. Respondent has not responded to these motions.

Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). Because respondent has offered no argument that he would be prejudiced by these amended reply briefs, nor has there been an excessive delay by Petitioner in moving to amend his reply briefs, the Court will permit Petitioner to file these amended reply briefs. *See e.g. Wiedbrauk v. Lavigne,* 174 Fed. Appx. 993, 1000 (6th Cir. 2006) (unpublished).

#### B. Claims # 1 and # 3: the ineffective assistance of counsel/judicial misconduct claims.

In his first claim, Petitioner contends that he was deprived of the effective assistance of trial counsel. In his third claim, Petitioner contends that he was deprived of a fair trial because of judicial misconduct. Because one of Petitioner's ineffective assistance of counsel claims involves an allegation that counsel was ineffective for failing to object to this alleged judicial misconduct, this Court will discuss Petitioner's third claim as part of Petitioner's first claim.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of,

4

*Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first claims that his trial counsel was ineffective for failing to obtain and present an expert witness to testify about sleep disorders, in order to present a defense that Petitioner may have committed this assault while asleep or unconscious, in order to negate any criminal intent on Petitioner's part.

At the outset, this Court notes that at least one other federal court has rejected a similar claim that counsel was ineffective for failing to explore an unconsciousness defense, by noting that such a defense "is virtually never effective." *See Greenfield v. Gunn,* 556 F. 2d 935, 937 (9th Cir. 1977). In light of the fact that the victim testified that Petitioner actually pulled his shorts down and began rubbing his penis against the victim's leg, Petitioner has failed to come forward with any evidence suggesting that the presentation of expert testimony on an unconsciousness defense might have resulted in a different outcome, so as to support a finding that trial counsel was ineffective. *See Rios v. Rocha,* 299 F. 3d 796, 813, n.23 (9th Cir. 2002). Finally, a review of Petitioner's sentencing transcript shows that Petitioner has two prior sexual assault convictions involving children. Had defense counsel presented expert testimony that Petitioner did not intend to sexually assault the victim because he committed this act while asleep, it could have opened the door to rebuttal testimony concerning Petitioner's prior sexual assaults. Therefore, counsel was not ineffective for failing to present such a defense. *See e.g. Mason v. Mitchell,* 320 F. 3d 604, 625-27 (6th Cir. 2003).

Petitioner next claims that his counsel's closing argument was defective, because she shifted the burden of proof to the defense.

While the right to effective assistance of counsel extends to closing arguments, counsel nonetheless has wide latitude in deciding how best to represent a criminal defendant, and deference to a defense counsel's decisions in his closing argument is particularly important because of the broad range of legitimate defense strategies at that stage. *Yarborough v. Gentry,* 540 U.S.1, 5-6 (2003). Judicial review of a defense attorney's summation must therefore be highly deferential and is "doubly deferential when it is conducted through the lense of federal habeas." *Id.*

When defense counsel's arguments are viewed in context, they did not shift the burden of proof to the defense. If anything, the arguments reminded the jurors of the fact that the prosecution has the burden of proving a defendant's guilt, because of the difficulty that a criminal defendant would have to prove his or her innocence. Immediately preceding the complained of comments, defense counsel reminded the jurors that the prosecution had the burden of proving Petitioner guilty beyond a reasonable doubt. Counsel then went on to indicate that Petitioner was essentially trying to prove a negative, namely, that he did not commit the crime. (Tr. 4/10/2001, pp. 224-25). When viewed in context, counsel's arguments did not shift the burden of proof to Petitioner, but reminded the jurors of the near impossibility of a defendant being able to prove his or her innocence, so as to hold the prosecution to its burden of proof. Therefore, this claim is without merit.

Petitioner next claims that counsel was ineffective for failing to object to the judge asking the complaining witness two questions during his direct examination. Petitioner also raises an independent claim of judicial misconduct in his third claim. For judicial clarity, the Court will discuss the two claims together.

6

During the examination of the witness, the trial court asked the victim the following questions:

> THE COURT: Cameron, you probably told Miss Shaedler [the prosecutor] that today but I don't recall, so I'm going to ask you again, what was Bruce wearing that night when he went to bed?
>
> THE WITNESS: He was wearing a pair of blue shorts and a Subway shirt.
>
> THE COURT: Now, when he was doing this to you, did he have his shorts up or did he pull them down?
>
> THE WITNESS: He pulled them down.

(Tr. 4/10/2001, p. 131).

Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005). However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Id*. To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas Petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Id*. A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F. 2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657.

In the present case, the trial court judge interjected himself only once to clarify the victim's testimony or to clarify or re-phrase one of counsel's questions to a witness. It is not

unconstitutional under the Due Process Clause for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown*, 358 F. Supp. 2d at 657. "In fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony." *Id.* Because the trial court judge's questions to the victim were proper, Petitioner is not entitled to relief on his third claim of judicial misconduct. Moreover, because the trial court's questions to the victim to clarify his testimony were proper, counsel was not ineffective for failing to object to the questions. *See U.S. ex rel. Rockman v. DeRobertis,* 717 F. Supp. 553, 554 (N.D. Ill. 1989). As a result, Petitioner is not entitled to habeas relief on his first and third claims.

**C. Claim # 2: the sufficiency of evidence claim.**

Petitioner next claims that there was insufficient evidence to convict him of second-degree criminal sexual conduct.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000) (citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F. 3d 594, 617 (6th Cir. 2002). Moreover, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324, n. 16. " The mere existence of sufficient evidence to convict therefore defeats a Petitioner's claim.*" Matthews v. Abramajtys*, 319 F. 3d 780, 788-89 (6th Cir. 2003)(citation omitted).

Petitioner was convicted of second-degree criminal sexual conduct under the theory that he
8

engaged in sexual contact with the victim when he was under the age of thirteen-years-old. M.C.L.A. § 750.520c(1)(a), in pertinent part, indicates that a person is guilty of second-degree criminal sexual conduct "if the person engages in sexual contact with another person" and the "other person is under 13 years of age." *See People v. Lemons*, 454 Mich. 234 (1997). An assault must be committed for "a sexual purpose" in order to support a conviction for second-degree criminal sexual conduct. *See People v. VanderVliet*, 444 Mich. 52 (1993).

As the Michigan Court of Appeals indicated in their opinion, *See Petush,* Slip. Op. at * 2, there was sufficient evidence to support Petitioner's conviction for second-degree criminal sexual conduct. The victim testified that Petitioner rubbed his penis on his leg while they were in Petitioner's bed. The victim's mother testified that the victim was ten-years-old. The evidence was sufficient to convict Petitioner of second-degree criminal sexual conduct.

Petitioner contends, however, that the evidence was insufficient to establish that any touching that may have taken place was intentional and done for the purpose of sexual gratification. However, as mentioned when discussing Petitioner's first ineffective assistance of counsel claim, the victim testified that Petitioner pulled down his shorts and began rubbing his genitalia against the victim's leg. This evidence, if believed, would be sufficient to show that Petitioner's act was done intentionally for the purpose of sexual gratification. *See*, *e.g.*, *United States v. Kenyon,* 481 F. 3d 1054, 1067-68 (8th Cir. 2007).

Petitioner further contends that the evidence was insufficient to convict him because the victim was not credible, nor was his story corroborated. The fact that the victim's testimony was uncorroborated does not affect the legal sufficiency of the evidence. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States*

9

*v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000). Moreover, to the extent that Petitioner is attacking the victim's credibility to claim that the evidence is legally insufficient, Petitioner would not be entitled to habeas relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002) (internal citation omitted). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a Petitioner's claim. *Id.* Therefore, Petitioner is not entitled to habeas relief on his second claim.

**D. Claim # 4: the sentencing claim.**

Petitioner lastly claims that the trial court judge violated his Sixth Amendment right to a jury trial when he exceeded Petitioner's sentencing guidelines range under the Michigan Sentencing Guidelines by considering factors that had neither been proven beyond a reasonable doubt nor admitted to by Petitioner.

In the present case, Petitioner's sentence of fifteen to thirty years was within the statutory limits for the offense of second-degree criminal sexual conduct and being a third felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment either. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Johnson v. Smith,* 219 F. Supp. 2d 871, 884 (E.D. Mich. 2002).

More importantly, to the extent that Petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because

it is a state law claim. *See Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). As a result, Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief. *See Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999).

Petitioner further contends that in departing above the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004)*,* where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's departure above Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 2007 WL 3226198, * 1-2 (6th Cir. October 26, 2007)*.* [2]

---

[2] Indeed, every judge in the Eastern District of Michigan that has considered the issue has also rejected *Blakely* challenges to the scoring of the Michigan Sentencing Guidelines on this basis. *See Delavern v. Harry*, No. 2007 WL 2652603, * 4 (E.D. Mich. Sept. 7, 2007) (Rosen, J.); *Brown v. Bell,* No. 2007 WL 2516933, * 2 (E.D. Mich. Aug. 31, 2007) (Cohn, J.); *Anderson v. Lafler*, No. 2007 WL 2480549, * 4 (E.D. Mich. Aug. 29, 2007) (Borman, J.); *Couch v. Prelesnik*, No. 2007 WL 2413090, * 6 (E.D. Mich. Aug. 21, 2007) (Friedman, J.); *Morgan v. Birkett,* 2007 WL 2318751, * 2 (E.D. Mich. Aug. 9, 2007) (Hood, J.); *Moffett v. Davis*, No. 2007 WL 2225875, * 4 (E.D. Mich. Aug. 1, 2007) (Roberts, J.); *Logan v. Booker,* No. 2007 WL 2225887,

### E. Certificate of Appealability

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas Petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885. The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

---

* 6 (E.D. Mich. August 1, 2007) (Duggan, J.); *Djoumessi v. Wolfenbarger,* No. 2007 WL 2021837, * 17-18 (E.D. Mich. Jul. 12, 2007) (Tarnow, J.); *Carattoni v. Stovall*, No. 2007 WL 1976459, * 3-4 (E.D. Mich. Jul. 3, 2007) (Steeh, J.); *Jackson v. Curtin,* No. 2007 WL 1675296, * 3 (E.D. Mich. Jun. 11, 2007) (Edmunds, J.); *Davis v. Lafler*, No. 2007 WL 1582221, * 13-14 (E.D. Mich. May 31, 2007) (O'Meara, J.); *Coffel v. Stovall*, No. 2007 WL 1452918, * 3-4 (E.D.Mich. May 15, 2007) (Ludington, J.); *Conner v. Romanowski*, No. 2007 WL 1345066, * 4-6 (E.D. Mich. May 4, 2007) (Battani, J.); *Hall v. Lafler*, No. 2007 WL 1017036, * 5 (E.D. Mich. Apr. 2, 2007) (Zatkoff, J.); *Bell v. Booker, No.* 2007 WL 869169, * 2-3 (E.D. Mich. Mar. 22, 2007) (Taylor,J.) (all unpublished).

## IV. CONCLUSION

Accordingly, the Court **GRANT** Petitioner's Motions to Amend his Reply Brief and **DENIES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus. The Court further **DENIES** a Certificate of Appealability as to all issues asserted and **DENIES** leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 29, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 29, 2008.

s/Denise Goodine
Case Manager