**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD BRUCE PETUSH,

     Petitioner,                       Civil No. 2:05-74918

                                        HONORABLE PAUL D. BORMAN
v.                                   UNITED STATES DISTRICT JUDGE

PAUL RENICO,

     Respondent,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

On February 29, 2008, this Court denied petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and denied petitioner a certificate of appealability and leave to appeal *in forma pauperis.* Petitioner has now filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED.**

Eastern District of Michigan Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.* (citing E.D. MICH. L.R. 7.1(g)(3)).

Petitioner claims that this Court erred in rejecting his judicial misconduct claim by finding that the trial court judge's questions to the victim were proper because they were merely an attempt

to clarify the victim's testimony. Petitioner claims that this Court's finding was in error, because there was no request from the jurors or anyone else to have the victim's testimony clarified, nor were the trial court judge's questions in response to any questions asked by the prosecutor to the victim. Petitioner further claims that the form of the trial court judge's question to the victim suggested an opinion on the part of the judge that he believed that petitioner was guilty. At the very least, petitioner contends that this Court's rejection of petitioner's judicial misconduct claim would be debatable among jurists of reason, so as to entitle petitioner to a certificate of appealability on his judicial misconduct claim.

Petitioner merely advances the same arguments in his motion for reconsideration that he raised in his petition for writ of habeas corpus and other pleadings. Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus and denied petitioner a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration is **DENIED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 7, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 7, 2008.

s/Denise Goodine_____
Case Manager